IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAYDA JOHNSON,

              Plaintiff,

    v.

BONNEVILLE BILLING AND
COLLECTIONS, INC.,

              Defendant.

Case No. 3:24-cv-1789-SI

**ORDER**

**Michael H. Simon, District Judge.**

Plaintiff Jayda Johnson ("Johnson"), representing herself, sues Defendant Bonneville Billing and Collections, Inc. ("BBC"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Johnson filed a complaint (the "Complaint") on October 24, 2024, and BBC moved to dismiss the Complaint in its entirety. On January 3, 2025, the Court granted BBC's motion to dismiss for failure to state a claim and, alternatively, for lack of standing. The Court granted BBC's motion to dismiss for failure to state a claim because Johnson's allegations showed that she had "disputed" the charges. The Court granted BBC's alternative motion for lack of standing because Johnson failed to allege that her information was false, sent to a third a party, or caused her harm, as required under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). The Court allowed Johnson to file an amended complaint if she believed she could cure the deficiencies identified in the Court's Order.

Johnson filed a First Amended Complaint (the "FAC") on February 4, 2025. BBC now moves to dismiss Johnson's FAC with prejudice. BBC argues that Johnson's FAC did not cure her failure to state a claim because it did not add any new relevant facts relating to whether she disputed the charges, and, alternatively, that she did not cure her deficient allegations relating to standing. Johnson did not respond to the motion to dismiss. After filing its reply in support of its motion to dismiss, BBC also filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. BBC contends that Johnson's FAC is so deficient that it is frivolous under Rule 11. Johnson responded to this motion. She argues that she filed the FAC in good faith. For the reasons stated below, the Court grants BBC's motion to dismiss and denies BBC's motion for sanctions. Because the Court previously granted Johnson leave to amend and she was unable to cure the deficiencies identified in her Complaint, the Court dismisses this case with prejudice.

## STANDARDS

### A.  Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all

reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." This standard "does not require 'detailed factual allegations,'" but does demand "more

than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550

U.S. at 555).

**B.  Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure**

The U.S. Constitution confers limited authority on the federal courts to hear only active

cases or controversies brought by persons who demonstrate standing. *See Spokeo, Inc. v.

Robins*, 578 U.S. 330, 337-38 (2016); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013).

Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to

seek redress for a legal wrong." *Spokeo*, 578 U.S. at 338. A plaintiff's standing under Article III

of the United States Constitution is a component of subject matter jurisdiction properly

challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Chandler v. State Farm

Mut. Auto. Ins.*, 598 F.3d 1115, 1121 (9th Cir. 2010). On a motion to dismiss for lack of subject

matter jurisdiction under Rule 12(b)(1), it is the burden of the party asserting jurisdiction to

establish the existence of subject matter jurisdiction. *Id.* at 1122; *see also Kingman Reef Atoll

Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be

either "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the

allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A

jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that,

by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130,

1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a defendant

factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the

truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint.

*See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Safe Air for*

*Everyone*, 373 F.3d at 1039.

**C. Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure**

   Rule 11(b) provides, in relevant part, that when an attorney or unrepresented party

presents a pleading, written motion, or other paper to the court, the attorney or unrepresented

party certifies that:

> [T]o the best of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such
> > as to harass, cause unnecessary delay, or needlessly increase
> > the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are
> > warranted by existing law or by a nonfrivolous argument for
> > extending, modifying, or reversing existing law or for
> > establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if
> > specifically so identified, will likely have evidentiary support
> > after a reasonable opportunity for further investigation or
> > discovery . . . .

Fed. R. Civ. P. 11(b).

   "[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter*

*& Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), *superseded in part on other grounds*

*by 1993 amendment to Rule 11*. Sanctions may "be imposed on the signer of a paper if either

a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman*

*Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990); *see also Holgate v. Baldwin*, 425

F.3d 671, 676 (9th Cir. 2005) (finding that a frivolous complaint was a proper basis for Rule 11

sanctions). "'[F]rivolous' . . . denote[s] a filing that is both baseless and made without a

reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362; *see also Holgate*, 425 F.3d at 676. Rule 11 "creates an objective standard of reasonableness under the circumstances." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986) (quotation marks omitted), *superseded by statute on other grounds*; *see also* Fed. R. Civ. P. 11(b).

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). As such, courts have "significant discretion" when determining whether to award sanctions. *See* Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). A Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Although *pro se* litigants are held to an objective standard of reasonableness under Rule 11, "what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 892 F.2d 802, 811 (9th Cir. 1989).

## BACKGROUND

The facts alleged in the FAC are largely the same as those alleged in the Complaint. Johnson alleges that she obtained a copy of her consumer report on or about September 7, 2024, and that this report showed a debt owing to BBC for the benefit of Portland General Electric. Johnson asserts that she sent a letter to BBC stating, "I refuse to pay." After sending that letter,

Johnson alleges that she obtained another copy of her consumer report and saw that BBC had marked the debt as "disputed."

The FAC begins with a newly-added nearly three page section titled "Preliminary Statement" that consists of legal argument, quotations and citations from caselaw and other legal authority, and general legal conclusions.[1] The Court does not credit any of these as true. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Ablaza v. Sanofi-Aventis U.S. LLC*, 2023 WL 2942983, at *3 (N.D. Cal Apr. 13, 2023) (alteration in *Ablaza*) ("[I]t is generally inappropriate to include a legal argument . . . within a complaint." (quoting *Jennings v. Hunt Cos.*, 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019)); *see also Morris v. Cal. State Prison, L.A. Cnty.*, 2024 WL 3362852, at *1 (C.D. Cal. July 9, 2024) ("The Complaint, which is replete with case citations and legal arguments, fails to comply with Rule 8.").

---

[1] In the "Preliminary Statement," Johnson extensively quotes from a Seventh Circuit case, *Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146 (7th Cir. 2022). Johnson's citations to *Ewing* call into question part of the Court's January 3, 2025 Order granting BBC's motion to dismiss. In that Order, the Court stated that Johnson "has not alleged that her credit report was disseminated to any third parties." ECF 12 at 7. In *Ewing*, the Seventh Circuit held that, in the context of the FDCPA, if "[c]onsumers' harm is analogous to defamation, then they must demonstrate that [debt collectors] disseminated false information about them to a third party." 24 F.4th at 1153. A consumer "do[es] not have to make a further showing" that a credit reporting agency *also* shared that false information. *Id.* (emphasis in original). In *TransUnion LLC v. Ramirez*, the Supreme Court held that the plaintiffs whose inaccurate credit reports had not been disseminated by a credit reporting agency to a third party lacked standing. 594 U.S. 413, 433-35 (2021). The court in *Ewing* explained that credit reporting agencies qualify as third parties within the context of the FDCPA because "*TransUnion* applied the FCRA, which seeks to regulate the procedures used by credit reporting agencies. The FDCPA, by contrast, aims to prevent abuses committed by debt collectors." 24 F.4th at 1153 (citations omitted). The Court finds this analysis persuasive. Thus, Johnson has alleged, in both the Complaint and the FAC, that BBC, a debt collector, disseminated Johnson's information to third parties, the credit reporting agencies. For the reasons stated below, however, the FAC does not otherwise allege facts sufficient to confer Article III standing.

Johnson also adds new factual allegations that Johnson did not "recall doing business with Defendant" and became "very upset" when she saw that the debt had been marked as disputed. Because Johnson contends that she did not dispute the debt, she asserts that BBC has violated §§ 1692e(8) and 1692e(2)(A) of the FDCPA by falsely communicating a dispute to a credit reporting agency.

## DISCUSSION

### A.  Motion to Dismiss

BBC moves to dismiss for failure to state a claim for relief, or, alternatively, for lack of subject matter jurisdiction. BBC argues that, because Johnson failed to respond to its motion to dismiss, its motion is unopposed and should therefore be granted. Generally, a plaintiff who "makes a claim" in a complaint "but fails to raise the issue in response to a defendant's motion to dismiss" that claim, "has effectively abandoned [that] claim." *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). The Court thus grants BBC's motion because Johnson effectively has abandoned her claims. Alternatively, the Court analyzes BBC's motion on the merits, considering both alternative arguments.

### 1.  Failure to State a Claim

In the FAC, Johnson alleges that BBC falsely communicated that Johnson's debt was disputed in violation of two provisions of the FDCPA. First, Johnson states that BBC violated § 1692e(8) by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Second, Johnson asserts that BBC violated § 1692e(2)(A) by making a "false representation of—the character, amount, or legal status of any debt." BBC responds that it did not violate either section because Johnson disputed the debt when she stated—in writing—that she refused to pay it.

In its January 3, 2025 Order, the Court explained that courts define "dispute" by giving it its ordinary, contemporary, common meaning. *See* ECF 12 at 4-5 (gathering cases). The Court relied on caselaw and the dictionary and defined "dispute" as "to call into question or cast doubt upon." *Id.* (gathering cases). As the Court previously concluded, Johnson called the debt into question when she sent a letter to BBC stating, "I refuse to pay [the debt]."[2] *Id.* (citing *Ross v. Cavalry Portfolio Servs., LLC*, 2024 WL 4404043, at *1 n.2 (2d Cir. Oct. 4, 2024) (unpublished) (describing the plaintiff's notice of refusal to pay as a "dispute regarding that debt")). The Court noted that Johnson had not provided any alternative explanation for that statement to BBC and even provided a possible example of an alternative explanation. *Id.* The FAC does not add any facts that provide an alternative explanation or otherwise negate Johnson's comment disputing her debt. Instead, she essentially alleges conclusory statements that she never disputed her debt, but the Court does not accept such allegations as true. *See Iqbal*, 556 U.S. at 678-79. Thus, Johnson has not sufficiently alleged that BBC communicated credit information that it knew or should have known to be false or that it made a false representation of the status of her debt. Johnson fails to state a claim for relief under §§ 1692e(8) or 1692e(2)(A).

### 2. Lack of Standing

In the FAC, Johnson includes legal argument, conclusions, and citations related to intangible, reputational harms that qualify as concrete injuries for purposes of Article III standing. In addition, Johnson alleges that she suffered emotional distress—that she became "very upset"—when she saw that the debt had been marked as "disputed." BBC argues that

---

[2] The FAC alleges that Johnson "doesn't recall doing business with Defendant." ECF 15 ¶ 8. At most, this statement provides context for *why* Johnson sent the refusal letter to BBC; it is insufficient to negate that she disputed the debt.

because its reporting properly reflects the status of Johnson's debt, Johnson fails to allege that she suffered harm from a false statement.

To establish standing, a plaintiff must prove three elements: (1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Spokeo*, 578 U.S. at 338. An injury is "concrete" if it is "'*de facto*'; that is, it must actually exist," meaning that it is "'real' and not 'abstract.'" *Spokeo*, 578 U.S. at 340. "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id.* An intangible harm is concrete when the harm alleged "bears 'a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts,' like 'reputational harms, disclosure of private information, and intrusion upon seclusion.'" *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 992 (9th Cir. 2023) (quoting *TransUnion*, 594 U.S. at 425).

"To create liability for defamation, there must be a *false and defamatory* statement." *Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1583 (9th Cir. 1996) (emphasis added). "[A] person is injured when a defamatory statement that would subject him to hatred, contempt, or ridicule is published to a third party." *TransUnion*, 594 U.S. at 432 (quotation marks omitted). "The Ninth Circuit has not yet considered whether . . . allegations of intangible harm—emotional distress, loss of personal reputation, and loss of personal time—without more, suffice as concrete injury-in-fact for standing purposes in a FDCPA case in view of *TransUnion*." *Samano v. LVNV Funding, LLC*, 2022 WL 1155910, at *3 (E.D. Cal. Apr. 19, 2022) (collecting cases); *Manzanarez v. Madera Collection Servs.*, 722 F. Supp. 3d 1074, 1080 (E.D. Cal 2024) (quoting *Samano*).

Johnson has not established standing based on a showing that her alleged injury bears a close relationship to the common-law tort of defamation. As discussed in footnote one, supra, Johnson correctly asserts that—under the reasoning of the Seventh Circuit that the Court finds persuasive—BBC disseminated information about Johnson to third parties. *See Ewing,* 24 F.4th at 1153. Johnson does not, however, sufficiently allege that BBC disseminated *false* information. Thus, Johnson's alleged harm does not bear a close relationship to the harm associated with defamation. *See TransUnion*, 594 U.S. at 432 (holding that class members whose credit reports were disseminated to third parties and whose reports *inaccurately* labeled them as "potential terrorists, drug traffickers, or serious criminals" alleged an intangible harm with a sufficiently close relationship to defamation); *Ewing,* 24 F.4th at 1153 (holding that the plaintiff, who alleged that debt collectors failed to mark her debt as "disputed" after receiving her "dispute letter," alleged an intangible concrete harm with a sufficiently close relationship to defamation).

Johnson also has not established standing based on emotional distress. "A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." *Maddox v. Bank of N.Y. Mellon Trust Co.*, 19 F.4th 58, 66 (2d Cir. 2021); *see also Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 765 (9th Cir. 2018) ("[The plaintiff] lacks standing because her complaint makes only conclusory allegations . . . ."); *Gadomski v. Patelco Credit Union*, 2022 WL 223878, at *4 (E.D. Cal. Jan. 25, 2022) (holding that the plaintiff failed to establish standing when his "allegations for emotional distress [were] vague and conclusory"). Johnson's assertion that she became "very upset" is vague and conclusory. Thus, Johnson has not alleged facts sufficient to establish Article III standing.

**B. Motion for Sanctions**

BBC moves for sanctions against Johnson under Rule 11, arguing that Johnson has filed a frivolous pleading and failed to conduct a reasonable inquiry. BBC contends that Johnson knew or should have known that the FAC failed to cure any of the deficiencies identified in the Court's Order granting BBC's motion to dismiss Johnson's original Complaint. BBC requests a sanction of reasonable attorney's fees in the amount that it incurred in responding to the FAC. Johnson responds that BBC's motion for sanctions should be denied because Johnson did not file the FAC in bad faith. Johnson states that the parties have different "point[s] of view on this action." BBC replies that it is not arguing bad faith and solely asserts that the FAC is baseless and filed without competent inquiry. BBC, however, only cites cases in which Rule 11 sanctions were imposed on a *pro se* party after a finding of bad faith.[3]

---

[3] BBC quotes *Xie v. Wu*, which states: "The Ninth Circuit has repeatedly affirmed the Court's discretion to levy against *pro se* parties for bad faith conduct." ECF 20 at 6 (quoting *Xie v. Wu*, 2023 WL 6459141, at *3 (D. Or. Oct. 4, 2023) (gathering cases)). The quotation continues, noting that "a party's *pro se* status is relevant when making a bad faith determination." *Id.* (quoting *Xie*, 2023 WL 6459141, at *3). BBC, however, does not argue that Johnson acted in bad faith. Thus, BBC's reliance on *Xie* is misplaced.

BBC next cites *Boyle v. Nelson*, 2025 WL 276365 (D. Or. Jan. 23, 2025), as a case in which sanctions were imposed against a *pro se* plaintiff and asserts that "Johnson's conduct in this case is just as grievous." In *Boyle*, the court imposed Rule 11 sanctions against a *pro se* plaintiff who brought six motions seeking default judgments. *Boyle*, 2025 WL 276365, at *6. "[N]ot only ha[d] the individual [d]efendants not been defaulted, they ha[d] long-since appeared," filed an answer, and filed a motion for summary judgment. *Id.* Further, the *pro se* plaintiff asserted that counsel for the defendants told the plaintiff that the defendants "needed to answer individually." *Id.* at *7. The defendants' attorney submitted a declaration stating that he "never discussed the requirements for responsive pleading with [the plaintiff]." *Id.* The court concluded that the motions were frivolous and brought in bad faith. *Id.* Johnson has filed a FAC after being given leave of the Court. Although she improperly included legal argument, conclusions, and citations in the FAC, her conduct is nowhere near the egregiousness of the conduct in *Boyle*.

Considering the Rule 11 factors, BBC fails to show that sanctions are appropriate here. Although Johnson's FAC brings the same claims against the same defendant, Johnson did attempt, albeit unsuccessfully, to allege additional facts in support of her contentions that BBC shared false information about Johnson's credit and that Johnson suffered a concrete injury for Article III purposes. Further, much of Johnson's new allegations appear to be attempts at responding to the Court's legal analysis in the January 3rd Order. As noted, such legal arguments, conclusions, and citations are not proper in a complaint. They would have been more appropriate in a motion for reconsideration. Given Johnson's *pro se* status, however, the Court considers her apparent attempts to address the deficiencies identified by the Court, albeit improperly. Further, as discussed in footnote one, supra, some of these legal arguments and citations correctly noted that the Seventh Circuit considers credit reporting agencies to be "third parties" for FDCPA standing purposes. *See Ewing*, 24 F.4th at 1153. The Court found this authority persuasive. Additionally, Johnson appears to *misunderstand* the implications of "disputing" a debt under the FDCPA, but the Court does not find that Johnson *knew or should have known* that her contentions were unwarranted by existing law. *See Bus. Guides, Inc.*, 892 F.2d at 811 ("[W]hat is objectively reasonable for a *pro se* litigant and for an attorney may not be the same . . . ."). Thus, BBC's requested Rule 11 sanctions are not warranted here.

## CONCLUSION

The Court GRANTS BBC's motion to dismiss the FAC, ECF 16, and DENIES BBC's motion for sanctions, ECF 20. The Court dismisses this case with prejudice.

**IT IS SO ORDERED.**

DATED this 11th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge